# EXHIBIT 4

## LICENSE AGREEMENT FOR THE USE OF PROPERTY

LICENSE FOR THE USE OF REAL PROPERTY locally known as Christmas Island, located in Key West Harbor, Monroe County, Florida, owned by FEB Corporation, P.O Box 2455 Key West, Florida, 33045.

THIS LICENSE, made and entered into this 21ST day of OCTOBER, 2004, by and between Commander, SEAL Delivery Vehicle Team TWO, hereinafter referred to as "LICENSEE" and Roger Bernstein, President/representative of the owner, of the above described property, hereinafter referred to as "LICENSOR".

1. LICENSEE desires to utilize the above-described property owned by the LICENSOR for the purpose of conducting military training for personnel attached to SEAL Delivery Vehicle Team TWO, hereinafter referred to as "SDVT-2".

2. LICENSOR agrees to make said property available for training at no cost to the United States Government/LICENSEE. LICENSOR grants SDVT-2 personnel exclusive use of the property for training from 22 October 2004 through 28 October 2004.

3. Training may include tactical movement of personnel in and around the property; tactical exercises; movement of personnel and equipment; climbing and rigging; and tactical movement of personnel. There will be no use of munitions, ammunition, or live fire.

4. LICENSOR makes no representations that the property is suitable for the contemplated training. Representatives of the LICENSEE will be granted access to the property at least 72 hours prior to the training to inspect and evaluate the suitability and safety of the property for the proposed training.

5. LICENSEE agrees to return the property to the LICENSOR in substantially the same condition that the property was in prior to the training.

6. If the property is damaged by SDVT-2 personnel, the LICENSOR may file a claim with the United States Navy pursuant to either the Federal Tort Claims Act (28 U.S.C. §1346(b), 2671-2672 and 2674-2680) or the Military Claims Act (10 U.S.C. § 2733).

7. LICENSOR agrees to inform LICENSEE in writing of any damage to property as soon as it is known to LICENSOR. LICENSEE reserves the right to make repairs to the property, which would return the property to the condition that existed at the start of the license. This right to make repairs is not to be construed as a modification of the filing periods for the Federal Tort Claims Act (28 U.S.C. § 1346(b), 2671-2672 and 2674-2680) or the Military Claims Act (10 U.S.C. § 2733).

8. In no case will the United States Government/LICENSEE'S liability exceed that allowable under the Federal Tort Claims Act or Military Claims Act, Public Vessels Act, or Suits in Admiralty Act.

9. To the extent permitted by law, LICENSEE will hold LICENSOR harmless in the event that personnel or equipment of SDVT-2 suffer personal injury or damage during the training activities on said property.

10. LICENSEE agrees that all training at the property will be performed in a lawful and prudent manner and will not unreasonably interfere with the normal activities of LICENSOR's operations, or LICENSOR otherwise notifies LICENSEE that the training interferes with LICENSOR's operations, or LICENSOR otherwise requests that the training cease or be reduced, LICENSEE shall immediately, upon receipt of such notice or request, cease or reduce or remove personnel and equipment as appropriate to comply with LICENSOR's notice or request. If the actual training will vary materially from the details specified, the LICENSEE will promptly notify LICENSOR of such anticipated variances and obtain LICENSOR's concurrence with the material variances prior to engaging in these activities.

11. LICENSOR's recourse against the United States, based upon maritime torts of personal injury and property damage committed by agents or employees of the Navy, or for damages caused by a Navy vessel, must be brought under either the Suits in Admiralty Act (SIAA), appendix section 741-752 of Title 46 of the United States Code, or under the Public Vessels Act (PVA), appendix 781-790 of Title 46 of the United States Code. In addition, admiralty jurisdiction does extend against the United States based upon damage or injury to person or property caused by a vessel on navigable waters but consummated on land under the Admiralty Jurisdiction Extension Act (AJEA), Title 46 of the United States Code, appendix section 740.

12. This LICENSE is revocable by either party, at any time.

_____
ROGER M. BERNSTEIN
President
FEB Corporation
Monroe County, FL

Date: 21 OCT, 2004

_____
ROBERT C. WILSON
Commander, U.S. Navy
SDVT-2
NAB, Little Creek, VA

Date: 21 OCT, 2004



Commanding Officer
SEAL Delivery Vehicle Team TWO

October 22, 2004

Mr. Roger Bernstein
FEB Corporation
P.O. Box 144235
Coral Gables, FL 33114

Dear Mr. Bernstein,

    On behalf of SEAL Delivery Vehicle Team TWO, I would like to thank you for your hospitality and support. The use of your island was critical for the future development of the successful operations of my command. Your contribution further enhanced our capabilities to secure the freedom of the United States as we continue to fight the Global War On Terrorism.

    We look forward to working together again in the future. Thank you again.

Sincerely,

R. C. Wilson

R. C. WILSON
Commander, U. S. Navy

## LICENSE AGREEMENT FOR THE USE OF PROPERTY

LICENSE FOR THE USE OF REAL PROPERTY locally known as Christmas Island, located in Key West Harbor, Monroe County, Florida, owned by FEB Corporation, P.O. Box 2455 Key West, Florida, 33045.

THIS LICENSE, made and entered into this 12 day of April, 2005, by and between Commander, SEAL Delivery Vehicle Team TWO, hereinafter referred to as "LICENSEE" and Roger Bernstein, President/representative of the owner, of the above described property, hereinafter referred to as "LICENSOR".

1. LICENSEE desires to utilize the above-described property owned by the LICENSOR for the purpose of conducting military training for personnel attached to SEAL Delivery Vehicle Team TWO, hereinafter referred to as "SDVT-2".

2. LICENSOR agrees to make said property available for training at no cost to the United States Government/LICENSEE. LICENSOR grants SDVT-2 personnel exclusive use of the property for training from 4 May 2005 through 8 May 2005.

3. Training may include tactical movement of personnel in and around the property; tactical exercises; movement of personnel and equipment; climbing and rigging; and tactical movement of personnel. There will be no use of munitions, ammunition, or live fire.

4. LICENSOR makes no representations that the property is suitable for the contemplated training. Representatives of the LICENSEE will be granted access to the property at least 72 hours prior to the training to inspect and evaluate the suitability and safety of the property for the proposed training.

5. LICENSEE agrees to return the property to the LICENSOR in substantially the same condition that the property was in prior to the training.

6. If the property is damaged by SDVT-2 personnel, the LICENSOR may file a claim with the United States Navy pursuant to either the Federal Tort Claims Act (28 U.S.C. §1346(b), 2671-2672 and 2674-2680) or the Military Claims Act (10 U.S.C. § 2733).

7. LICENSOR agrees to inform LICENSEE in writing of any damage to property as soon as it is known to LICENSOR. LICENSEE reserves the right to make repairs to the property, which would return the property to the condition that existed at the start of the license. This right to make repairs is not to be construed as a modification of the filing periods for the Federal Tort Claims Act (28 U.S.C. § 1346(b), 2671-2672 and 2674-2680) or the Military Claims Act (10 U.S.C. § 2733).

**Exhibit L**

8. In no case will the United States Government/LICENSEE'S liability exceed that allowable under the Federal Tort Claims Act or Military Claims Act, Public Vessels Act, or Suits in Admiralty Act.

9. To the extent permitted by law, LICENSEE will hold LICENSOR harmless in the event that personnel or equipment of SDVT-2 suffer personal injury or damage during the training activities on said property.

10. LICENSEE agrees that all training at the property will be performed in a lawful and prudent manner and will not unreasonably interfere with the normal activities of LICENSOR's operations, or LICENSOR otherwise notifies LICENSEE that the training interferes with LICENSOR's operations, or LICENSOR otherwise requests that the training cease or be reduced, LICENSEE shall immediately, upon receipt of such notice or request, cease or reduce or remove personnel and equipment as appropriate to comply with LICENSOR's notice or request. If the actual training will vary materially from the details specified, the LICENSEE will promptly notify LICENSOR of such anticipated variances and obtain LICENSOR's concurrence with the material variances prior to engaging in these activities.

11. LICENSOR's recourse against the United States, based upon maritime torts of personal injury and property damage committed by agents or employees of the Navy, or for damages caused by a Navy vessel, must be brought under either the Suits in Admiralty act (SIAA), appendix section 741-752 of Title 46 of the United States Code, or under the Public Vessels Act (PVA), appendix 781-790 of Title 46 of the United States Code. In addition, admiralty jurisdiction does extend against the United States based upon damage or injury to person or property caused by a vessel on navigable waters but consummated on land under the Admiralty Jurisdiction Extension Act (AJEA), Title 46 of the United States Code, appendix section 740.

12. This LICENSE is revocable by either party, at any time.

ROGER M. BERNSTEIN
President
FRB Corporation
Monroe County, FL

Date: Apr 13, 2005

ROBERT C. WILSON
Commander, U.S. Navy
SDVT-2
NAB, Little Creek, VA

Date: APR. 13, 2005

## LICENSE AGREEMENT FOR THE USE OF PROPERTY

LICENSE FOR THE USE OF REAL PROPERTY locally known as "Christmas Island", located in Key West Harbor, Monroe County, Florida, owned by FEB Corporation, P.O. Box 2455 Key West, Florida, 33045.

THIS LICENSE, made and entered into this ____6____ day of __JANUARY__, 2006, by and between Commanding Officer, SEAL Delivery Vehicle Team TWO, hereinafter referred to as "LICENSEE" and Roger Bernstein, President/representative of the owner, of the above described property, hereinafter referred to as "LICENSOR".

1. LICENSEE desires to utilize the above-described property owned by the LICENSOR for the purpose of conducting military training for personnel attached to SEAL Delivery Vehicle Team TWO, hereinafter referred to as "SDVT-2".

2. LICENSOR agrees to make said property available for training at no cost to the United States Government/LICENSEE. LICENSOR grants SDVT-2 personnel exclusive use of the property for training from 10 February 2006 through 28 February 2006.

3. Training may include tactical movement of personnel in and around the property; tactical exercises; movement of personnel and equipment; climbing and rigging; and tactical movement of personnel. There will be no use of munitions, ammunition, or live fire.

4. LICENSOR makes no representations that the property is suitable for the contemplated training. Representatives of the LICENSEE will be granted access to the property at least 72 hours prior to the training to inspect and evaluate the suitability and safety of the property for the proposed training.

5. LICENSEE agrees to return the property to the LICENSOR in substantially the same condition that the property was in prior to the training.

6. If the property is damaged by SDVT-2 personnel, the LICENSOR may file a claim with the United States Navy pursuant to either the Federal Tort Claims Act (28 U.S.C. §1346(b), 2671-2672 and 2674-2680) or the Military Claims Act (10 U.S.C. § 2733).

7. LICENSOR agrees to inform LICENSEE in writing of any damage to property as soon as it is known to LICENSOR. LICENSEE reserves the right to make repairs to the property, which would return the property to the condition that existed at the start of the license. This right to make repairs is not to be construed as a modification of the filing periods for the Federal Tort Claims Act (28 U.S.C. § 1346(b), 2671-2672 and 2674-2680) or the Military Claims Act (10 U.S.C. § 2733).

8. In no case will the United States Government/LICENSEE'S liability exceed that allowable under the Federal Tort Claims Act or Military Claims Act, Public Vessels Act, or Suits in Admiralty Act.

9. To the extent permitted by law, LICENSEE will hold LICENSOR harmless in the event that personnel or equipment of SDVT-2 suffer personal injury or damage during the training activities on said property.

10. LICENSEE agrees that all training at the property will be performed in a lawful and prudent manner and will not unreasonably interfere with the normal activities of LICENSOR's operations. or LICENSOR otherwise notifies LICENSEE that the training interferes with LICENSOR's operations, or LICENSOR otherwise requests that the training cease or be reduced, LICENSEE shall immediately, upon receipt of such notice or request, cease or reduce or remove personnel and equipment as appropriate to comply with LICENSOR's notice or request. If the actual training will vary materially from the details specified, the LICENSEE will promptly notify LICENSOR of such anticipated variances and obtain LICENSOR's concurrence with the material variances prior to engaging in these activities.

11. LICENSOR's recourse against the United States, based upon maritime torts of personal injury and property damage committed by agents or employees of the Navy, or for damages caused by a Navy vessel, must be brought under either the Suits in Admiralty act (SIAA), appendix section 741-752 of Title 46 of the United States Code, or under the Public Vessels Act (PVA), appendix 781-790 of Title 46 of the United States Code. In addition, admiralty jurisdiction does extend against the United States based upon damage or injury to person or property caused by a vessel on navigable waters but consummated on land under the Admiralty Jurisdiction Extension Act (AJEA), Title 46 of the United States Code. appendix section 740.

12. This LICENSE is revocable by either party. at any time.

_____
ROGER M. BERNSTEIN
President
FEB Corporation
Monroe County, FL

Date: 5 JANUARY, 2005

_____
ROBERT C. WILSON
Commander. U.S. Navy
Commanding Officer, SDVT-2
NAB, Little Creek, VA

Date: 6 JAN, 2006